IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LAWSON, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | CIVIL ACTION NO. 23-CV-4471 |
| : |  |
| MIDLAND CREDIT MANAGEMENT, : |  |
| INC., : |  |
|     Defendant. : |  |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                                              **NOVEMBER 22, 2023**

Plaintiff Thomas Lawson, a self-represented litigant, filed this civil action against Midland Credit Management, Inc. ("MCM"), raising a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.[1] Lawson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Lawson leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to amendment.

**I.     FACTUAL ALLEGATIONS**[2]

The gist of Lawson's Complaint is that MCM reviewed his credit information without a permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Lawson alleges that he reviewed his TransUnion credit report on November 1, 2023, and learned that MCM "reviewed [his] file without consent under the 'Account Review Inquiries'" on December 29, 2021, March

---

[1] This is one of three essentially identical lawsuits that Lawson filed on the same date for alleged violations of the FCRA. *See Lawson v. Portfolio Recovery Associates, LLC*, Civ. A. No. 23-4392 (E.D. Pa.); *Lawson v. Radius Global Solutions, LLC*, Civ. A. No. 23-4472 (E.D. Pa.).

[2] The facts set forth in this Memorandum are taken from Lawson's Complaint and documents attached thereto. The Court adopts the pagination supplied by the CM/ECF docketing system.

12, 2022, May 28, 2022, and September 22, 2022. (Compl. at 2.) Lawson attached to his Complaint a copy of the credit report reflecting these entries, but most of the information in the report has been heavily redacted so the context, including any explanation of the reason for MCM's inquiries, is not clear. (ECF No. 2-1.)

Lawson alleges that MCM never offered or extended credit to him. (Compl. at 2.) He further avers that he never "initiated any credit transactions with [MCM] nor had an 'account' with [MCM]," that he never "gave written permission" for MCM to obtain his report, and that MCM did not have a court order to review his credit report. (*Id.* at 3.) He therefore concludes that MCM "did not meet the permissible purpose requirements" of the FCRA. (*Id.*) Lawson seeks monetary damages for this alleged statutory violation. (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court will grant Lawson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Lawson's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Lawson is proceeding *pro se*, the Court

construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

"[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)).  The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A)).  "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Id.* (citing 15 U.S.C. §§ 1681b(f), 1681n(a)).

The factual allegations underlying Lawson's assertion that MCM lacked a permissible purpose to review his credit report are that MCM did not have his consent to review his report and had no intention of extending credit to him or making a firm offer of credit.  (Compl. at 2-3.) These allegations appear to relate to § 1681b(c), which "authorizes an offeror of credit to access

3

certain information from a consumer's credit report" either with the consumer's consent or "without any prior contact from the consumer in order to extend to the consumer a 'firm offer of credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (*per curiam*). However, if MCM reviewed Lawson's consumer report in connection with an effort to collect upon an account, these provisions would be inapplicable.  Similarly, although a credit reporting agency may furnish a consumer's credit report in response to a court order, § 1681b(1), or with the consumer's written consent, § 1681b(2), neither a court order nor consent are required if, as explained above, the entity seeking the credit report has a permissible purpose to do so, which includes debt collection.

Lawson has sued MCM, a "debt collector," *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 296 (3d Cir. 2008), for allegedly obtaining his credit report without a permissible purpose.  But his Complaint is essentially predicated upon an inference that MCM lacked a permissible purpose for reviewing his consumer report because it did not comply with provisions pertaining to credit transactions or other cherry-picked provisions of the FCRA. Accordingly, the Complaint, as pled, is too vague and conclusory to state a plausible claim.  *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) ("[T]he district court properly dismissed Jones's FCRA claim because Jones failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA."); *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012) ("Norman's complaint and the attached exhibits show that Northland's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A)."); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, No. 13-1585, 2015 WL 4967058, at *2 (D. Del.

Aug. 19, 2015) (to state a claim in this context, a complaint "'must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff.'" (quoting *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009))). Lawson simply has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Lawson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Lawson's self-represented status, and in an abundance of caution, the Court will give Lawson an opportunity to file an amended complaint in the event he can state additional facts that would give rise to a plausible claim under the FCRA. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**